IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. JONES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

v.

THOMAS R. JONES, APPELLANT.

Filed April 21, 2015.    No. A-14-164.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Affirmed in part, and in part reversed and remanded for further proceedings.

Thomas R. Jones, pro se.

Jon Bruning, Attorney General, and Austin N. Relph for appellee.

IRWIN, RIEDMANN, and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Thomas R. Jones appeals an order of the district court for Douglas County denying postconviction relief without an evidentiary hearing. On appeal, Jones asserts that the district court erred in denying postconviction relief and asserts that he received an unlawful sentence. We find that Jones sufficiently raised assertions concerning the effectiveness of his trial counsel and that the district court erred in denying an evidentiary hearing. We find no merit to Jones' assertion regarding his sentence. We affirm in part, and in part reverse and remand for further proceedings.

## II. BACKGROUND

Jones' conviction and sentences were the subject of a prior appeal to this court. See *State v. Jones*, No. A-11-852 (not designated for permanent publication).

- 1 -

Jones was convicted upon no contest pleas to a charge of first degree assault, a charge of second degree assault, and a charge of use of a weapon in the commission of a felony. *Id.* Jones was sentenced to terms of 20 to 20 years' imprisonment on each of the assault convictions and 10 to 10 years' imprisonment on the use of a weapon conviction. *Id.* The court ordered all three sentences to be served consecutively. *Id.*

On direct appeal, Jones challenged the sentences imposed and asserted that his trial counsel had been ineffective. *Id.* With respect to the sentences, Jones asserted that the court's oral pronouncement had been different from the written pronouncement and that the sentences were an abuse of discretion. *Id.* We found no merit to either assertion. *Id.* With respect to the effectiveness of trial counsel, Jones asserted that his trial counsel had provided bad advice and pressured him into accepting a plea. *Id.* We found that the record presented on direct appeal was insufficient to allow us to address the assertions. *Id.*

After we affirmed his conviction and sentences, Jones, acting pro se, filed a motion for postconviction relief. In that motion, Jones presented three arguments.

First, Jones argued that he "was deprived of the effective assistance of counsel when appellate counsel failed to assign numerous errors made throughout the criminal prosecution by defense counsel and the court, where such errors caused substantial prejudice to [him] and by any objectively reasonable standard amounted to deficient performance constituting ineffective assistance of counsel." In support of this first argument, Jones asserted that his trial counsel performed ineffectively in a variety of ways, including not sufficiently investigating and providing incorrect advice to Jones. Jones asserted specific facts concerning representations made by his trial counsel and asserted that he would have insisted on a trial if he had not received incorrect advice. Jones also asserted that he had expressed to the court at sentencing that he had reservations about the advice of his counsel, and the record of Jones' sentencing confirms this assertion.

Jones also asserted that he advised his appellate counsel about trial counsel's ineffectiveness. Jones asserted that his appellate counsel was ineffective for failing to raise on appeal issues regarding his trial counsel's misadvice and for failing to raise issues regarding the sentence imposed by the district court.

Second, Jones argued that the district court imposed an unlawful sentence because the minimum and maximum terms of each sentence were identical. Jones asserted that this prevented the sentences from properly being indeterminate sentences and prevented him from being eligible for parole.

Third, Jones argued that his appellate counsel was ineffective for failing to raise on appeal issues concerning the unlawful nature of the sentences imposed by the district court.

The district court held that Jones was not entitled to postconviction relief without conducting an evidentiary hearing. The court did not discuss any of Jones' assertions with particularity, but concluded that "the verified petition for post conviction relief alleges only conclusions of fact and law and that the records and files in the case affirmatively show that [Jones] is entitled to no relief." The court also held that "the claims set forth in the motion where [sic] known or knowable to [Jones] at the time of his direct appeal and, therefore these claims are procedurally barred."

This appeal followed.

## III. ASSIGNMENTS OF ERROR

Appearing pro se on appeal, Jones has assigned four errors, which we consolidate for discussion to two. First, Jones asserts that the district court erred in denying postconviction relief without an evidentiary hearing. Second, Jones asserts that the sentences imposed upon his conviction were unlawful.

## IV. ANALYSIS

Jones has assigned as error that the district court erred in "failing to find that [Jones] was deprived of the effective assistance of counsel when appellant [sic] counsel failed to assign numerous errors made throughout the criminal prosecution by trial counsel and the trial court, where such errors caused substantial prejudice to [Jones] and by any objectively reasonable standard amounted to deficient performance constituting ineffective assistance of counsel." Jones has also assigned as error that the district court erred in "failing to find that appellant [sic] counsel failed to properly present the issue of the courts [sic] reversible error" regarding the sentences imposed by the trial court. Jones has also assigned as error that the district court erred in finding his claims were procedurally barred.

### 1. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

With respect to his appellate counsel, Jones argues in his brief on appeal that the district court erred by failing to find ineffective assistance "when appellate counsel failed to assign numerous errors committed by trial counsel throughout the criminal prosecution." Brief for Appellant at 18. Jones presents more than 10 pages of argument concerning trial counsel's advice to Jones to enter no contest pleas.

To the extent Jones is asserting on appeal that his appellate counsel was ineffective for failing to raise on direct appeal assertions that trial counsel had been ineffective for providing incorrect advice related to Jones' plea, the argument on appeal is without merit. In our prior opinion affirming Jones' conviction and sentences, we specifically discussed Jones' appellate counsel's assertions that Jones' trial counsel had been ineffective for allegedly providing incorrect advice related to the plea. See *State v. Jones, supra*. We declined to review that assertion concerning trial counsel because the record was insufficient. *Id.* Appellate counsel could not have been ineffective for failing to raise an issue that appellate counsel clearly did raise. See *State v. Nolan*, 283 Neb. 50, 807 N.W.2d 520 (2012).

Accordingly, to the extent Jones' motion for postconviction relief asserted that his appellate counsel was ineffective for failing to raise issues on direct appeal, that assertion lacks merit. The district court did not err in refusing to grant an evidentiary hearing regarding the assertions made by Jones about his appellate counsel.

### 2. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Jones also included in his motion for postconviction relief a variety of assertions about his trial counsel. In denying an evidentiary hearing, the district court held that Jones' motion alleged only conclusions, that the records and files affirmatively showed no entitlement to relief, and that his claims were known or knowable at the time of his direct appeal and were, therefore, procedurally barred. We disagree.

Jones presented his motion for postconviction relief pro se. It is inartfully presented. Nonetheless, we conclude that a reasonable reading of the motion includes assertions that his trial counsel was ineffective in ways that were raised by his appellate counsel on direct appeal. On direct appeal, we specifically declined to address claims on the basis of the record then being insufficient. Jones specifically noted in his motion that he "seeks to expand the record through postconviction in order that the court can fairly and 'meaningfully assess' the ineffective assistance claims."

An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitutions, causing the judgment against the movant to be void or voidable. *State v. Cook*, 290 Neb. 381, ___ N.W.2d ___ (2015). An evidentiary hearing is not required when a motion for postconviction relief alleges only conclusions of fact or law. *State v. Cook, supra*.

Contrary to the district court's conclusion, Jones' motion did not allege only conclusions of fact and law. Jones included specific assertions concerning his trial counsel, what he believed to constitute deficient performance, and how or why that performance resulted in him entering a plea instead of insisting on going to trial.

The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014). A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *Id.*

In his direct appeal we specifically recognized that he raised assertions concerning the effectiveness of his trial counsel concerning counsel's advice that Jones enter into a plea agreement. We concluded that the record was insufficient and declined to address the merits of those claims. Jones did not waive these assertions because they were known or knowable at the time of his direct appeal--he raised them as he needed to, the record was insufficient, and he now raises them in postconviction as he needed to.

The State has acknowledged on appeal that if this court concludes that Jones has sufficiently, although inartfully, raised issues concerning the effectiveness of his trial counsel, then "an evidentiary hearing would be required." Brief for Appellee at 7. We reverse the district court's conclusion that Jones did not sufficiently raise these issues or that they were procedurally barred, and we remand for further proceedings.

## V. CONCLUSION

We find no merit to Jones' assertions regarding the district court's ruling on his claims regarding his sentence and the effectiveness of his appellate counsel. We do, however, find merit to his assertions regarding the district court's ruling on his claims regarding the effectiveness of his trial counsel, and we reverse and remand for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.